1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARLON DE JESUS GUILLEN                   No. 1:26-cv-00887-DC-EFB (HC)
     GONZALEZ,
12
                    Petitioner,
13                                             ORDER GRANTING PETITIONER'S
                                               MOTION FOR TEMPORARY
14        v.                                   RESTRAINING ORDER AND PETITION
                                               FOR WRIT OF HABEAS CORPUS
     CHRISTOPHER CHESTNUT, et al.,
15
                    Respondents.               (Doc. Nos. 1, 2)
16

17

18          This matter is before the court on Petitioner's motion for a temporary restraining order

19   (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28

20   U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

21          This court has previously addressed the legal issues raised by Count One of the petition

22   (Doc. No. 1 at 9–25). Specifically, this court has found that the Due Process Clause requires that,

23   in order for the government to re-detain a noncitizen who has been previously released on bond or

24   conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5),

25   the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the

26   noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-

27   DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining

28   order and immediate release of the petitioner based on his likelihood of success on the merits of

                                                  1

1   his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802

2   (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511

3   (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D.

4   Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the

5   petitioner's due process claim).

6          On February 2, 2026, the court issued an order informing the parties that it was

7   considering ruling directly on the petition and asking both parties whether they oppose

8   simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc.

9   No. 6.) The court also directed Respondents to address whether there are any factual or legal

10  issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*,

11  *Labrador-Prato*, and *D.L.C*. (*Id.*)

12         On February 5, 2026, Respondents filed their opposition to Petitioner's motion for

13  temporary restraining order in which they oppose Petitioner's motion on the same grounds as

14  those addressed by the court in the aforementioned cases, but they acknowledge they "are

15  unaware of any substantively distinguishable facts between this case" and those cases. (Doc. No.

16  9 at 1.) Respondents further indicate that they "do not object to the Court ruling on the merits of

17  the petition for writ of habeas corpus." (*Id.* at 3) On that same day, Petitioner filed his reply

18  indicating that he likewise does not oppose the court ruling directly on Count One of the petition.

19  (Doc. No. 8 at 1.)

20         Because Respondents have not made any new legal arguments and have not identified any

21  factual or legal issues in this case that would distinguish it from the court's aforementioned prior

22  decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2)

23  and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in

24  /////

25  /////

26  /////

27  /////

28  /////

1    the court's order in *Altin*.[1] Further, as the court found in *Altin*, the proper remedy for

2    Respondents' failure to provide Petitioner with a constitutionally compliant pre-depravation bond

3    hearing is Petitioner's immediate release. *Id.* at 12–13.

4           Accordingly,

5           1.       Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a

6                    temporary restraining order (Doc. No. 2) are GRANTED as follows:

7                    a.      Petitioner Marlon De Jesus Guillen Gonzalez shall be released immediately

8                         from Respondents' custody with the same conditions he was subject to

9                         immediately prior to his detention on December 1, 2025. Respondents shall

10                        not impose any additional restriction on him, such as electronic monitoring,

11                        unless that is determined to be necessary at a future pre-deprivation/custody

12                        hearing;

13                   b.      If the government seeks to re-detain Petitioner, it must provide no less than

14                        seven (7) days' notice to Petitioner and must hold a pre-deprivation bond

15                        hearing before a neutral arbiter, at which Petitioner's eligibility for bond

16                        must be considered; and

17   /////

18   /////

19   /////

20   /////

21   /////

22   /////

23

---

[1] Because the court is granting the petition on the due process claim (Count One), the court need
not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-
KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to
the second count of the petition and not addressing other counts because the petitioner was
entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v.
Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025)
(granting habeas petition based on due process claim and "declin[ing] to address the remaining
grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief he
seeks based on the court's ruling as to Count One.

1    2.    The Clerk of the Court is directed to enter judgment for Petitioner and close this

2    case.

3

4    IT IS SO ORDERED.

5    Dated:    **February 5, 2026**    _____

       Dena Coggins
6                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4